IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10022
Conference Calendar
_____

ALVIN COLEMAN,

Plaintiff-Appellant,

versus

BRUCE WAYNE WORTHAM, # 584610 Price
Daniel Unit; T.J. MEDART, Warden, Price Daniel
Unit; NO FIRST NAME SWEETIN, Assistant
Warden, Price Daniel Unit; MAJOR SMITH,
Price Daniel Unit; CAPTAIN RANSBURGER,
Price Daniel Unit; NO FIRST NAME ROTH,
State Unit Classification, Price Daniel Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CV-181
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Alvin Coleman, Texas prisoner # 665951, appeals the district

court's 28 U.S.C. § 1915(e)(2)(B) dismissal as frivolous of his

pro se, in forma pauperis 42 U.S.C. § 1983 civil rights

complaint, alleging that he received a false disciplinary case in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

retaliation for his having complained to Texas Department of Criminal Justice ("TDCJ") officials about verbal threats he received from a fellow inmate, Bruce Wayne Wortham.  The district court's dismissal is reviewed for an abuse of discretion.  Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

An essential element of a retaliation claim is the ability to show causation, i.e., that the complained-of disciplinary cases would not have occurred absent the retaliatory motive.  See Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).  As the district court determined, Coleman's allegations are insufficient to show retaliatory motive.  Although Coleman argues that he alleged a chronology of events from which retaliation can reasonably be inferred, he is incorrect.  Coleman alleged that he complained about Wortham to Assistant Warden Sweeten, Major Smith, Captain Ransburger, and Unit Classification Director Roth in January 1998 and that he received a disciplinary case six months later from Warden Medart and Lieutenant Simpson for participating in a riot. No causal connection can be inferred between these facially unrelated events, occurring six months apart and not involving the same TDCJ officials.  Coleman's allegations of retaliatory animus are wholly conclusional, amounting to no more than his personal belief that he was retaliated against, and they are thus insufficient.  See Johnson, 110 F.3d at 310; Woods, 60 F.3d at 1166.

Coleman has not demonstrated an abuse of discretion on the district court's part.  His argument that he should have been permitted to amend his complaint rather than face dismissal is patently frivolous because he was in fact given several chances to elaborate upon his claim.  The district court's judgment is AFFIRMED.